**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY 26-60616
Chapter 13

Brian Lee Johnson,

Debtor.

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Kyle L. Carlson, Chapter 13 Trustee, objects to confirmation of the Chapter 13 plan filed by the debtor and requests that the plan be denied.

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This objection is brought pursuant to 11 U.S.C. §§ 1322 and 1325.

2. According to testimony at the Section 341 meeting of creditors, the debtor has not yet filed all tax returns due under non-bankruptcy law for all taxable periods ending during the 4-year period ending on the date of the filing of the petition. The filing of these tax returns is a requirement for confirmation of the debtor's plan (2022/2023). *See* 11 U.S.C. §§ 1308(a) and 1325(a)(9).

3. The plan does not address all secured claims filed in this case (Minnesota Department of Revenue). The plan should be modified to address all secured claims. *See In re Citrowske*, 72 B.R. 613, 616 (Bankr. D. Minn. 1987) ("[a] debtor's plan must specify how each creditor's claim will be treated and paid…a plan must provide for payment of all claims").

WHEREFORE, the Trustee requests that the Court deny confirmation of the plan.

Dated: 10/20/2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN 56514
218-331-4429

**VERIFICATION**

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 10/20/2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 26-60616<br>Chapter 13 |
| Brian Lee Johnson,<br><br>Debtor. | |

## MEMORANDUM OF LAW

### I. Facts

The facts supporting the objection are set forth in the attached verified objection. In addition, the Trustee also relies on the representations made by the debtor at the 341 meeting of creditors and in the debtor's filed schedules.

### II. Burden

A debtor bears the ultimate burden of proving that a Chapter 13 plan should be confirmed. When a debtor fails to carry that ultimate burden, confirmation must be denied. *See In re Melander*, 506 B.R. 855, 859 (Bankr. D. Minn. 2014); *see also In re Maronde*, 332 B.R. 593, 597 (Bankr. D. Minn. 2005) ("Debtor has the burden of proving that the conditions for confirmation have been satisfied.").

### III. Tax Return Filing Requirement

Section 1308(a) of the Code provides that:

> Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Section 1325(a)(9) of the Code provides that "…the Court shall confirm a plan if…the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

Section 1307(e) provides that:

> Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States Trustee and after notice and a hearing, the Court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

Here, all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition have not been filed. Pursuant to Sections 1308(a) and 1307(e), the plan cannot be confirmed until those tax returns are filed.

## IV. Conclusion

Based on the foregoing, the Trustee requests that the Court deny confirmation of the plan.

Dated: 10/20/2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

## VERIFICATION

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 10/20/2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY 26-60616
Chapter 13

Brian Lee Johnson,

Debtor.

## UNSWORN DECLARATION FOR PROOF OF SERVICE

The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached Trustee's Objection to Confirmation of Chapter 13 Plan upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Brian Lee Johnson
212 Fairway Court
Breckenridge, MN 56520

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 10/20/2026

s/ Jamie Swenson
Jamie Swenson
Chapter 13 Office

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 26-60616<br>Chapter 13 |
| Brian Lee Johnson, | |
| Debtor. | |

**ORDER**

This case is before the Court for confirmation hearing on the Chapter 13 plan of Brian Lee Johnson.

IT IS ORDERED:

Confirmation of the debtor's Chapter 13 plan is DENIED.

Dated:

William J. Fisher
United States Bankruptcy Judge